UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY FLETCHER,

  Plaintiff,

 v.

CORRECTIONAL OFFICER HORA, et al.,

  Defendants.

Case No. 16-cv-02028-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 stemming from an incident on an unknown date during which Defendants SVSP Correctional Officers Hora and Reese failed to assist Plaintiff when he discovered that his hot pot caught on fire while he was away from his cell. Dkt. 1 at 5.[1] Plaintiff claims Defendants refused to allow him to seek medical assistance when he "got short of breath" after he attempted to retrieve the hot pot, which was on fire. *Id.* Finally, Plaintiff claims that Defendants' refusal to help him was retaliatory action for his "other civil suits." *Id.* at 5-6. Plaintiff seeks monetary damages. *Id.* at 6.

Plaintiff also filed a request for leave to proceed *in forma pauperis*, which will be granted in a separate Order.

The Court now reviews Plaintiff's complaint pursuant to 28 U.S.C. §1915. For the reasons set forth below, the Court DISMISSES the complaint with leave to amend and directs Plaintiff to show cause why this case should not be dismissed without prejudice for failure to exhaust.

## II. DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

§ 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633; *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. *See Paul v. Davis*, 424 U.S. 693, 697 (1976).

Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions, *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976); *Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir. 1979). A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

2

1    obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and

2    conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

3    Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*

4    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (citations omitted). A complaint must

5    proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

### B. Legal Claims

Plaintiff's pleading is too short on facts for the Court to determine whether any of his constitutional rights may have been violated. Plaintiff will be given leave to amend so that he may attempt to allege facts showing how his constitutional rights have been violated. Also, for each instance of a constitutional violation, Plaintiff should name each person who violated his constitutional rights, describe what each person did to violate his rights, state where the violation occurred, and *when* the violation occurred, i.e., he has failed to indicate the exact date of the incident at issue.

In his amended complaint, Plaintiff must provide a more detailed description of his claims in order for the Court to determine whether enough is alleged to find the pleading adequate to state a claim for relief and require a response from Defendants. Plaintiff's first claim involves Defendants' failure to help him extinguish a fire in his cell on an unknown date. Dkt. 1 at 5. Plaintiff next alleges that Defendants failed to offer him "medical attention." *Id.* Finally, Plaintiff presents allegations of retaliation but they are conclusory because he merely alleges that Defendants "did this on purpose" and they were "retaliating against [him] [be]cause of all the other civil suits." *Id* at 5-6. Plaintiff states that he is a "[v]ery depressed inmate" and that he suffers from "hypertention [sic], high blood pressure, ADA, [and] chronic and severe pain . . . ." *Id.* at 5.

The Court finds that all of these allegations fail to state a claim and this complaint will be dismissed but Plaintiff will be provided leave to amend to attempt to cure the deficiencies described below. The Court also finds that the complaint is deficient because it fails to provide

sufficient information regarding the exhaustion of administrative remedies.[2]  *See* Dkt. 1. Accordingly, this Court has no choice but to dismiss the complaint with leave to amend.

      First, Plaintiff claims that Defendants Haro and Reese, who held positions as floor officer and control booth officer, respectively, should have noticed the smoke coming from his cell and extinguished the fire. *Id.* at 3, 5. However, Plaintiff alleges that both officers claim that they did not see the smoke. *Id.* at 5. In Plaintiff's relief section, he requests monetary damages to replace certain medical supplies and other personal items that were "destroyed." *Id.* at 6. However, in the body of his complaint, Plaintiff does not explain how such items were destroyed. *See id.* at 5. If Plaintiff is alleging that the aforementioned items were destroyed in the fire that Defendants allegedly failed to extinguish because they did not notice the smoke, such an allegation amounts at most to negligent destruction of property. However, neither the negligent nor intentional deprivation of property states a due process claim under section 1983 if the deprivation was random and unauthorized. *Cf. Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process. *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986). California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Nor is a prisoner protected by the Fourth Amendment against the seizure, destruction or conversion of his property. *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989). Plaintiff's allegations involve a random deprivation of property and thus are not cognizable under section 1983. Furthermore, to the extent that Plaintiff wishes to

---

[2] The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Ross v. Blake*, 136 S. Ct. 1850, 1856-58 (2016); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

allege that Defendants were deliberately indifferent to his safety needs, Plaintiff must provide a more complete picture of the incident and whether Defendants would have had an opportunity to react had they noticed the fire in Plaintiff's cell. Plaintiff must also allege how Defendants deliberately disregarded Plaintiff's safety. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. *Farmer*, 511 U.S. at 834. A prisoner may state a section 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, *see Berg*, 794 F.2d at 459. But neither negligence nor gross negligence will constitute deliberate indifference. *See Farmer*, 511 U.S. at 835-36 & n.4. A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.* Here, again, at most, Plaintiff's claim amounts to negligence, which is not actionable under section 1983. *See Farmer*, 511 U.S. at 835-36 & n.4.

The second possible claim concerns the absence of medical care for Plaintiff. However, Plaintiff merely claims that he was "short of breath." Dkt. 1 at 5. Plaintiff does not describe what type of medical care he required, nor does he specify how his health was severely harmed. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

1   Here, Plaintiff does not indicate why he needed medical attention for his shortness of breath. *See*
2   *id.* Again, the Court finds that Defendants' alleged refusal to offer Plaintiff medical attention, at
3   most, amounts to nothing more than negligence. *See Farmer*, 511 U.S. at 835-36 & n.4.
4          The third possible claim is Plaintiff's claim of retaliation. "Within the prison context, a
5   viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a
6   state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected
7   conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and
8   (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408
9   F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted). The plaintiff must show that the type of
10  activity he was engaged in was protected by the First Amendment and that the protected conduct
11  was a substantial or motivating factor for the alleged retaliatory acts. *See Mt. Healthy City Bd. of*
12  *Educ. v. Doyle*, 429 U.S. 274, 287 (1977). Retaliation is not established simply by showing
13  adverse activity by a defendant after protected speech; rather, the plaintiff must show a nexus
14  between the two. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation
15  claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., "after this, therefore
16  because of this"). In the instant action, Plaintiff must provide more allegations regarding his
17  retaliation claim. Simply stating that he felt that Defendants' actions were in retaliation for his
18  "other civil suits" is insufficient. *See* Dkt. 1 at 6. Therefore, Plaintiff's conclusory allegations of
19  retaliation by Defendants fail to state a cognizable claim for relief. Plaintiff must allege that he
20  engaged in constitutionally-protected conduct, that prison staff took adverse action against him in
21  retaliation for the protected conduct, and that he suffered harm as a result of the retaliation.
22  Plaintiff must also explain how Defendants would have been aware of his "other civil suits" prior
23  to the date of the incident at issue.
24         **C.    Exhaustion**
25  Lastly, as mentioned above, Plaintiff has failed to provide the actual date of the incident at
26  issue. If this incident occurred close in time to the date that he signed the instant complaint on
27  March 20, 2016, then it would be unlikely that Plaintiff could have fully exhausted his claims
28  between the incident and the filing of this action. Nor can Plaintiff proceed with this case if he

exhausts his claim after the filing of this action. A prisoner must exhaust his administrative remedies for constitutional claims prior to asserting them in a civil rights complaint. 42 U.S.C. § 1997e(a); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). If a prisoner exhausts a claim after bringing it before the court, his subsequent exhaustion cannot excuse his earlier failure to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.") When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d, 1108, 1120 (9th Cir. 2003) *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). However, as mentioned above, Plaintiff failed to provide sufficient information regarding the exhaustion of administrative remedies. *See* Dkt. 1. Plaintiff merely checks the box "NO" next to the question "Is the grievance procedure completed?" *Id.* at 2. When asked to explain why not, he states in a conclusory fashion, "My life has been threaten[ed]." *Id.* Such a vague and conclusory response is insufficient; therefore, Plaintiff has not alleged any extraordinary circumstances which might compel that he be excused from complying with PLRA's exhaustion requirement. *Cf. Booth*, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into section 1997e(a)). During the same time frame that he amends his complaint, Plaintiff will be given an opportunity to show cause why this case should not be dismissed without prejudice for failure to exhaust. Specifically, to avoid dismissal, Plaintiff needs to provide proof that extraordinary circumstances existed in order to excuse him from complying with PLRA's exhaustion requirement. *See e.g.*, *Ross*, 136 S. Ct. at 1859-60 (identifying "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief.")

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above, within **twenty-eight (28) days** of the date this Order is filed. The amended complaint must

1  include the caption and civil case number used in this Order (C 16-02028 YGR (PR)) and the
2  words "AMENDED COMPLAINT" on the first page.  Because an amended complaint completely
3  replaces the prior pleadings, Plaintiff may not incorporate material from the prior pleadings by
4  reference but must include in the amended complaint all the claims and allegations he wishes to
5  present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)**.  Failure to amend within
6  the designated time and in accordance with this Order will result in the dismissal of this
7  action.**

8      2.    Also within **twenty-eight (28) days** of the date this Order is filed, Plaintiff must
9  show cause why this case should not be dismissed without prejudice for failure to exhaust, as
10 directed above.  **Failure to reply will result in dismissal without prejudice.**

11     3.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
12 informed of any change of address and must comply with the Court's orders in a timely fashion.
13 Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes
14 while an action is pending must promptly file a notice of change of address specifying the new
15 address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail
16 directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and
17 (2) the Court fails to receive within sixty days of this return a written communication from the *pro*
18 *se* party indicating a current address.  *See* L.R. 3-11(b).

19     4.    The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along
20 with his copy of this Order.

21     IT IS SO ORDERED.

22 Dated:  September 6, 2016

                                                    YVONNE GONZALEZ ROGERS
                                                    United States District Court Judge